UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHRISTOPHER KNOX,
    Plaintiff,

vs.                                                                                     08-1081

DR. JOHN GARLIK, et.al.,
    Defendants.

CASE MANAGEMENT ORDER

    This cause is before the court for consideration of the plaintiff's motion to proceed in forma pauperis on appeal [d/e 12]. Under 28 U.S.C. § 1915(a)(3), the court is required to determine if the plaintiff's appeal is taken in good faith before the court can determine in forma pauperis status.  "Good faith" within the meaning of § 1915(a)(3) is not about the plaintiff's sincerity in requesting appellate review.  Rather, an appeal taken in "good faith" is an appeal that, objectively considered, raises non-frivolous colorable issues.  *See Cruz v. Hauck*, 404 U.S. 59, 62 (1971); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962).

    The plaintiff is appealing the court's April 23, 2008 order dismissing his case on merit review of the complaint.  *See* April 23, 2008 Court Order.  On June 19, 2008, this court indicated that it doubted whether plaintiff's appeal was taken in good faith, and directed the plaintiff to submit a brief stating his grounds for appeal to assist the court in determining the issue. *see Celske v. Edwards,* 164 F.3d 396, 398 (7th Cir. 1999).   The plaintiff has now filed a brief which the court will consider.

    When the court conducted its merit review of the plaintiff's complaint, it found that the plaintiff had failed to state a claim upon which relief could be granted. *See* April 23, 2008 Court Order.  The plaintiff claimed he was transferred to Tamms Correctional Center in retaliation for previous litigation.  The plaintiff said once he arrived at Tamms, the defendants continued to violate his constitutional rights in a variety of ways.

    The court found that the plaintiff's claim concerning his transfer was barred by the two year statute of limitations period.  The plaintiff stated his retaliatory transfer occurred on January 10, 2006, but he failed to file his lawsuit until April 1, 2008.  The court also found that the claims involving his treatment at Tamms Correctional Center were not filed in the proper venue.  April 23, 2008 Court Order.

    The plaintiff first argues that venue is proper in the Central District of Illinois.  As the court previously informed the plaintiff, venue for federal civil rights actions brought under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b).  According to that statute, such actions may be brought only in (1) the judicial district where any defendant resides (if all defendants reside in

the same State), (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The plaintiff says ten of the eighteen defendants reside in the Central District and all of the defendants reside in Illinois. In addition, the plaintiff says a substantial part of the events giving rise to his claims occurred in the Central District of Illinois.

The plaintiff is incorrect. The plaintiff's claims about his treatment at Tamms Correctional Center involve only events that occurred in the Southern District of Illinois and defendants that reside in the Southern District. The plaintiff cannot simply tack these claims onto his claims involving Pontiac Correctional Center and file them as one lawsuit. *See also George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007)("[u]nrelated claims against different defendants belong in different suits.")

The plaintiff does raise a valid argument concerning his retaliatory transfer claim. The transfer occurred on January 10, 2006, but the plaintiff did not file his lawsuit until April 1, 2008. The plaintiff correctly argues that the two year statute of limitations period is stayed while he exhausted his administrative remedies. *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir.2001) (holding "a federal court relying on the Illinois statute of limitations in a § 1983 case must toll the limitations period while a prisoner completes the administrative grievance process").

The plaintiff does not state in his brief the time period he spent exhausting his administrative remedies. Nonetheless, the plaintiff has attached five letters from the Administrative Review Board (herein ARB). The letters dated May 8, 2007; June 11, 2007; July 31, 2007 and September 19, 2007 concern his treatment at Tamms Correctional Center and are therefore not relevant to this issue. However, the plaintiff has submitted a March 9, 2006 letter from the ARB that is relevant. The letter says it is in response to a January 23, 2006 grievance "regarding transfer to Tamms." (Plain. Brief, Ex. A). The board reviewed the plaintiff's claims and denied his grievance.

Based on the documents submitted to the court, the plaintiff has still not filed his complaint within the necessary time period. If the statute of limitations period is tolled until the plaintiff completed the grievance process, the plaintiff's complaint should have been filed on or before March 9, 2008. The plaintiff still did not file this complaint until April 1, 2008.[1]

The plaintiff has not provided any reason for the court to doubt its merit review order. The court cannot find a good faith basis for appeal. Accordingly, the court denies plaintiff's motion for leave to proceed in forma pauperis and certifies, pursuant to 28 U.S.C. §1915(a)(3), that the appeal is not in good faith.

---

[1] Based on the documents filed with the court on April 1, 2008, the earliest the plaintiff could have provided his complaint to prison officials was March 27 or March 28, 2008.

The Seventh Circuit has determined that if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal in forma pauperis, but must pay the appellate fees of $255 within 14 days.  *See Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997). If the Plaintiff wishes to contest this Court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this Court's certification within 30 days after service of this order.  *See* Fed.R.App.P. 24(a).

**IT IS THEREFORE ORDERED that:**

**The Plaintiff's motion for leave to appeal in forma pauperis is denied. [d/e 12].  The plaintiff is ordered to remit to the Clerk of the Court the $455 appellate fee within 14 days of the date of this order. The plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds.  The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison.  The plaintiff is under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days.  If the plaintiff wishes to contest this Court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this Court's certification within 30 days after service of this order.  *See* Fed.R.App.P. 24(a).  The clerk is directed to submit a copy of this order to the United States Court of Appeals for the Seventh Circuit.**

Enter this 12th day of November, 2008.


s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE